UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERESA B. WYMAN,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY;<br><br>                    Defendant. | 4:17-CV-04174-VLD<br><br><br>ORDER ON MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(B) DOCKET NOS. 34 & 36 |

Pending is plaintiff's attorney Steven Pfeiffer's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Docket Nos. 34 & 36). The government has not objected to the motion, but it has filed a response. See Docket Nos. 35 & 38.

**DISCUSSION**

**A.   Overview**

Ms. Wyman's petition for Social Security benefits was denied initially and at the reconsideration level. After the Appeals Council denied her petition for rehearing, Ms. Wyman filed a complaint in federal court. See Docket No. 1. This court remanded Ms. Wyman's claim for benefits to the Social Security Administration ("SSA") for further proceedings. Docket Nos. 23 & 24.

Different attorneys represented Ms. Wyman during the different phases of her quest to obtain Social Security disability benefits. Attorney Pfeiffer represented Ms. Wyman strictly for purposes of handling the appeal to federal

court from the first, unsuccessful administrative proceedings. That appeal was successful and resulted in this court's order for remand to the SSA for reconsideration. Dockets Nos. 23 & 24. On remand, other counsel represented Ms. Wyman and prevailed.

Ms. Wyman and Attorney Pfeiffer entered into a fee agreement regarding payment for Attorney Pfeiffer's work on Ms. Wyman's claim for Social Security disability benefits. See Docket No. 36-3.

The SSA award after remand included past-due benefits in the amount of $122,352.00, plus ongoing monthly benefits. See Docket No. 36-1 at p. 4. In its award letter, the SSA informed Ms. Wyman that it was withholding 25% of her past-due benefits ($30,588.00) for payment of potential claims for her attorney's fees. Id. The award letter to Ms. Wyman refers to attorney's fees payable under both the Social Security Act and under the Equal Access to Justice Act. Id.

**B.     Attorney Pfeiffer's First Motion for Attorney's Fees (EAJA)**

Upon his initial success at having Ms. Wyman's case remanded to the SSA, but before learning whether Ms. Wyman would ultimately prevail in obtaining disability benefits, Attorney Pfeiffer moved this court for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket No. 27. Attorney Pfeiffer made this motion on August 27, 2018. Id. Attorney Pfeiffer's time and expense record (Docket No. 27-3) supported his request. Attorney Pfeiffer stated he spent 42.05 hours of work on Ms. Wyman's federal appeal. Id.

In his EAJA motion, Attorney Pfeiffer explained that his usual hourly rate for non-contingent fee work is $250 per hour. Docket No. 27 at p. 2. For social security disability cases, however, he represents clients for a contingent fee of 25% of past-due benefits. Id. If a contingent case is ultimately won, he expects to receive more than the usual hourly rate to compensate for the risk of non-recovery involved in taking a social security case—which has already been administratively denied—on a contingent fee basis. Id.

The maximum hourly rate allowed by the EAJA, however, is $125 per hour, increased periodically for the cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii). Applying the appropriate Consumer Price Index for this region, the hourly EAJA rate for July 2018 (the latest data available when Attorney Pfeiffer submitted his EAJA claim for fees in Ms. Wyman's case) was $194 per hour. As such, Attorney Pfeiffer submitted a claim for 42.05 hours of work at $194 per hour ($8,157.70), plus 6.5% sales tax ($530.25) and $20.40 in expenses, for a total award of $8,708.35. Docket No. 27 at p. 3. Attorney Pfeiffer and the government reached an agreement as to the payment of attorney's fees and costs (Docket No. 29), and the court granted Attorney Pfeiffer's motion for fees and costs. See Docket No. 30. The court awarded EAJA attorney's fees to Attorney Pfeiffer in the amount of $8,708.35, plus $400.00 in costs to be paid from the judgment fund for the court filing fee, for a total award of $9,108.35. Id.

### C.     Attorney Pfeiffer's Second Motion for Attorney's Fees (42 U.S.C. § 406(b))

On August 18, 2020, after Ms. Wyman had returned to the SSA on remand and had been awarded past-due and ongoing monthly disability benefits, Attorney Pfeiffer made the pending motion for attorney's fees pursuant to 42 U.S.C. § 406(b).  Docket Nos. 34 & 36.  This statute expressly provides for the payment of "reasonable" attorney's fees in Social Security disability cases, not to exceed 25% of the total past-due benefits to which the claimant is entitled by reason of such judgment.  Id.

Under § 406(b)(1), the court is to review fee arrangements to ensure that the agreement between the attorney and the claimant yields a reasonable result.  Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).  The Gisbrecht decision rejected the argument previously accepted by some courts of appeal (including the Eighth Circuit in Cotter v. Bowen, 879 F.2d 359 (8th Cir. 1989)), that the "reasonable fee . . ." language within § 406(b) could be construed to allow for the lodestar approach to be used to determine the allowable fee even if the agreement provided for payment of a fee not in excess of 25% of past-due benefits.  Gisbrecht, 535 U.S. at 806-07.  In Gisbrecht, the court explained that § 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for [the] reasonableness [of] fees yielded by those arrangements."  Id. at 808-09.

In Gisbrecht, the Court noted that it was "characteristic" for social security claimants to enter into contingency fee agreements with their attorneys specifying that the fee would be 25% of any past-due benefits to

4

which the claimant becomes entitled.  Id. at 803.  Such contingent fee agreements are common in many different types of litigation.  Id.  The requirement that the contingent fee under § 406(b) must be "reasonable" and not more than 25% was built into the statute to provide court oversight and to protect the claimant against "inordinately large fees."  Id. at 805.

The Court instructed that § 406(b) was intended to be an "independent check" upon the contingent fee agreement to assure it yields a reasonable result in particular cases.  Id. at 807.  Congress provided only one boundary line—agreements are unenforceable to the extent they provide for fees in excess of 25% of past-due benefits.  Id.  Within that one boundary, the attorney for the successful claimant must show that the fee they seek is reasonable.  Id.

The court explained that it may be appropriate to reduce the fee "based on the character of the representation and the results the representative achieved."  Id. at 808.  For example, if the attorney is responsible for delay, a reduction of the fee may be in order "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."  Id.  Likewise, if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment may be appropriate.  Id.  Additionally, the court being asked to approve the fee request may ask the attorney to submit a time sheet and a statement of the lawyer's normal hourly billing rate to assist in evaluating the reasonableness of the fee yielded by the agreement.  Id.

Here, Attorney Pfeiffer has explained that his usual rate for non-contingent fee work is $275 per hour.  Docket No. 36 at p. 2.  However, in his petition for an EAJA award, Attorney Pfeiffer stated that his non-contingent hourly rate was $250. Docket No. 27 at p. 2.  For the purpose of resolving this motion for fees, the court will consider the $250 hourly fee because, as explained below, it represents the greater difference between the effective hourly rate of the § 406(b) fees Attorney Pfeiffer seeks.  If the fees Attorney Pfeiffer now seeks are reasonable in comparison to a usual non-contingent hourly rate of $250, they are *de facto* reasonable when considering a non-contingent hourly rate of $275.

As Attorney Pfeiffer explained in his EAJA fee petition, he represents clients on a contingent fee basis of 25% of past-due benefits in social security disability cases.  Docket No. 36 at p. 2.  When a contingent fee case is won, he expects to receive more than his regular hourly rate in order to compensate for the risk of non-recovery in taking a social security case that has already been denied on the administrative level.  Id.

Attorney Pfeiffer's fee agreement with Ms. Wyman is attached to his motion as Docket No. 36-3.  It provides for a contingent fee in the amount of 25% of past-due benefits.  Id.  The agreement explains that the fee could amount to several thousand or several hundred dollars per hour on an hourly basis.  Id.  The agreement also explains that all attorney's fees are *usually* paid from past-due benefits, but sometimes the court orders the government to pay a portion of the attorney fees pursuant to the EAJA.  When a part of the fees is

paid pursuant to the EAJA, the agreement explains, it might mean less attorney fees would be paid from Ms. Wyman's past-due benefits. Id. On the other hand, the agreement explains, it could work out that the attorney will receive the 25% fee in addition to part or all of the EAJA payment. Id. But, the agreement provides, in no case will the fees that come out of Ms. Wyman's past-due benefits exceed 25% (including the fee paid for work that occurred on her case before the SSA). Id.

The amount Attorney Pfeiffer requests in his motion ($23,127.50), based upon the hours he worked on the case (42.05), calculates out to $550 per hour. This is 2.2 times Attorney Pfeiffer's normal rate of $250 per hour for non-contingent fee cases (and 2.0 times Attorney Pfeiffer's $275 hourly rate). Attorney Pfeiffer represents to the court, as he must, that, should this request be approved, he will return to Ms. Wyman the already received, lesser EAJA fee of $8,157.70, so that he will not be "double dipping" and the total amount Attorney Pfeiffer will receive in attorney's fees will be $23,127.50, not $23,127.50 *plus* $8,157.70.[1] Gisbrecht, 535 U.S. at 796 (explaining that when the appellate attorney recovers fees under both statutory scheme, they must "refund" the smaller fee to the claimant). The total amount Attorney Pfeiffer

---

[1] There appears to be confusion in the response filed by the Commissioner over whether Attorney Pfeiffer is asking for a "net" fee, that is, the amount of the § 406(b) award he now seeks less the EAJA award he already received. See Docket No. 38 at p. 4. It is clear to the court that Attorney Pfeiffer's reference to a "net additional fee" (Docket No. 36 at pp. 1 & 2) is descriptive only; Attorney Pfeiffer is not claiming an entitlement to a reduced fee. He is simply acknowledging the reality that, should the court award him § 406(b) fees, he would return to Ms. Wyman the EAJA fees he already received, thereby leaving him with $14,969.80 ($23,127.50 minus $8,157.70) as a net fee.

will receive, therefore, will be well within the 25% statutory cap contained within 42 U.S.C. § 406(b), as 23,127.50/122,352.00 = 18.9%. The task for this court is to decide whether this requested amount is "reasonable" pursuant to 42 U.S.C. § 406(b).

Under Gisbrecht, the court looks to the contingent fee agreement to determine whether it is within the 25% boundary. Gisbrecht, 535 U.S. at 808. As explained above, it is. The court also examines the character of representation and the results obtained. Id. Here, the case docket indicates Attorney Pfeiffer represented Ms. Wyman for approximately eight months[2] during the pendency of the federal appeal from the administrative proceedings. See Docket No. 37 at p. 3. Attorney Pfeiffer was not responsible for any delay during the pendency of the federal proceedings and, in fact, this court's review of the federal docket sheet reveals Attorney Pfeiffer sometimes submitted documents in advance of the dates specified in the court's scheduling order.

Another factor to consider is whether a windfall to the attorney would occur, such as when the amount of past-due benefits is large compared to the amount of time the attorney spent working on the case. Gisbrecht, 535 U.S. at 808. Here, the amount of past-due benefits ($122,352.00) is not insignificant, but neither is the amount of time Attorney Pfeiffer spent working on Ms. Wyman's case (42.05 hours). Additionally, it is notable that, in compliance

---

[2] The court notes that, although Attorney Pfeiffer appears to have performed legal services on Ms. Wyman's behalf as early as December 2017, the first entry in his statement of professional services is dated March 21, 2018. Docket No. 36-2.

with his fee agreement, Attorney Pfeiffer is not requesting the entire 25% contingent fee out of the $122,352.00 amount of past-due benefits. This allows for the administrative attorney's fees—up to the statutory ceiling of $6,000.00—to also be taken from the amount the SSA has withheld from Ms. Wyman's past-due benefits. The court finds Attorney Pfeiffer will incur no windfall.

Another factor this court may examine is a comparison between the lawyer's regular, non-contingent hourly rate and the effective hourly rate requested within the contingent fee motion. Gisbrecht, 535 U.S. at 808. As explained above, the effective fee Attorney Pfeiffer will receive should this motion be granted is $550 per hour, which is 2.2 times his usual, non-contingent hourly rate of $250 (and 2.0 times his $275 hourly rate). "[I]t is recognized that an increase in the hourly rate is appropriate where[,] due to the contingency[,] there is a risk of receiving no payment at all." Warden v. Astrue, 09-3198-CV-S-SWH, 2012 WL 930799, at *1 (W.D. Mo. Mar. 19, 2012).

In Warden, the court cited several courts within the district of Missouri wherein attorney fees at 2.8 times the attorney's non-contingent fee rate were approved as "reasonable" pursuant to 42 U.S.C. § 406(b). Id. In Warden, the claimant's attorney originally received an EAJA fee of $158.33 per hour, to which the court applied a factor of 2.8 to award a contingency fee hourly rate under § 406(b) of $443.32, which the court found reasonable. Id. at *2. Attorney Pfeiffer's request for a *de facto* hourly fee of $550—2.2 times his non-contingent hourly rate of $250 (and 2.0 times his hourly rate of $275)—is

reasonable when compared to the factor of 2.8 discussed in Warden. See Burton v. Astrue, No. 07-0231-CV-W-DGK-SSA, 2011 WL 5117655, at *2 n.1 (W.D. Mo. Oct. 26, 2011) (discussing the origin of the 2.8 factor, which is based upon statistics from Gisbrecht).

Additionally, Attorney Pfeiffer's request of $550 per hour is comparable to hourly fees awarded in several recent Social Security cases by midwestern district courts. See, e.g., Casas v. Astrue, No. 4:09CV3244, 2012 WL 5399646, at *3 (D. Neb. Nov. 5, 2012) (hourly rate of $471.65 approved); Reese v. Soc. Sec. Admin., No. 3:14-CV-121-BD, 2020 WL 4004801, at *2 (E.D. Ark. July 15, 2020) (hourly rate of $517.67 approved); Lammers v. Saul, No. 17-00288-CV-W-SWH, 2020 WL 3452611, at *2 (W.D. Mo. June 24, 2020) (hourly rate of $532.49 approved); Mitchell v. Astrue, No. 4:08CV3230, 2010 WL 1438985, at *2 (D. Neb. Apr. 12, 2010) (hourly rate of $561.59 approved). Though not a recent case, in Goff v. Sullivan, 739 F. Supp. 494, 499, (D.S.D. 1990), the court approved an hourly rate of $200, which was 2.0 times the lawyer's non-contingent fee hourly rate. Id.

Given the circumstances presented in this case, the court finds the fee sought by Attorney Pfeiffer is reasonable for the services rendered pursuant to 42 U.S.C. § 406(b). Attorney Pfeiffer's motion for award of attorney's fees in the amount of $23,127.50 will be GRANTED. Upon receipt of said payment, Attorney Pfeiffer shall return or credit the lesser, previous EAJA fee award in the amount of $8,157.70 to Ms. Wyman.

## CONCLUSION AND ORDER

Based upon the foregoing facts, law, and analysis, it is hereby

ORDERED that Attorney Pfeiffer's motion for award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of $23,127.50, [Docket Nos. 34 & 36] is GRANTED.  Upon receipt of said fees, Attorney Pfeiffer shall refund or credit the prior EAJA fee in the amount of $8,157.70 to Ms. Wyman.

DATED October 6, 2020

BY THE COURT:

*[signature]*

VERONICA L. DUFFY
United States Magistrate Judge